**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**James Delmar DEATON, Defendant-Appellant.**

**Misc. No. 229.**

United States Court of Appeals Sixth Circuit.

Aug. 11, 1965.

---

James Delmar Deaton, in pro. per.

Thomas L. Robinson, U. S. Atty., Jere B. Albright, Asst. U. S. Atty., Memphis, Tenn., for appellee.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

This case is before the court on the motion of defendant-appellant for leave to appeal in forma pauperis from his conviction. The motion is opposed by the Government.

Defendant was convicted at a jury trial on his plea of not guilty to all counts of two separate indictments, both charging violations of 18 U.S.C. § 2314, interstate transportation of falsely made and forged securities (checks). He was sentenced to imprisonment of ten years on each of the five counts of the two indictments, all sentences to run concurrently.

He was represented before the trial court by a reputable member of the Memphis bar as court-appointed counsel.

Following the verdict of the jury and during the course of proceedings relating to imposition of sentence, the defendant answered a number of questions propounded by the district judge, which are quoted in the margin.[1]

The district judge overruled defendant's motion for leave to appeal in forma pauperis, saying:

"After a full consideration of all facts in both causes, the facts as developed on trial, the quality and quantity of witnesses who testified, the statements made by the defendant, James Delmar Deaton, to the Court after the jury returned its verdicts of guilty and before the Court imposed sentence, the transcript of which as prepared by the official court reporter, is attached hereto as an exhibit, and the oral testimony of the defendant, James Delmar Deaton, upon the hearing on his motion for a new trial in these causes, the Court is of the opinion that the appeals herein are frivolous and without merit and the only purpose being to delay, and said appeals are not taken in good faith, and that the defendant should not be allowed

---

1. "THE COURT: All right, Mr. Deaton, do you care to make a comment at this time?

"THE DEFENDANT: No, sir, Your Honor.

"THE COURT: The full facts have been completely developed in this trial, have they, Mr. Deaton?

"THE DEFENDANT: Yes.

"THE COURT: Do you think you have had a fair trial?

"THE DEFENDANT: Yes, I have as far as the law and the Government is concerned, I have.

"THE COURT: As far as what?

"THE DEFENDANT: If I did not have a fair trial, it would have been my own fault. I knew my rights and everything. I did not take the stand because I did not feel it was necessary.

"THE COURT: But you feel that you have had a fair trial and an impartial trial?

"THE DEFENDANT: Yes.

"THE COURT: And you have had the benefit of effective counsel, haven't you?

"THE DEFENDANT: Yes.

"THE COURT: Mr. Smith has really gone that extra mile for you, hasn't he?

"THE DEFENDANT: He has done a good job.

"THE COURT: You have no complaints in that regard?

"THE DEFENDANT: No, sir.

"THE COURT: He came to see you a good many times in the jail, didn't he?

"THE DEFENDANT: Yes.

"THE COURT: And did confer with you about your defense?

"THE DEFENDANT: Yes.

"THE COURT: You are well satisfied with his handling of the matter?

"THE DEFENDANT: Yes.

"THE COURT: Do you have any complaints against anybody at this time?

"THE DEFENDANT: No, sir.

"THE COURT: The investigating officers have treated you with courtesy and fairness, have they?

"THE DEFENDANT: They have been very fair.

"THE COURT: I have reference to the FBI agents in particular?

"THE DEFENDANT: Yes.

"THE COURT: No complaints against anyone?

"THE DEFENDANT: No, sir."

to appeal in forma pauperis, and the motion should be overruled and denied."

The district court executed a formal certificate, certifying that:

"* * * the appeal herein sought by the defendant, James Delmar Deaton, from his conviction in this Court on April 13, 1965, in the above-styled matters is frivolous and without merit and its only purpose is to delay and, further, that said appeal is not taken in good faith."

Under Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21, the standard to be applied by a Court of Appeals in passing upon applications to appeal in forma pauperis must be the same as for paid appeals. The Supreme Court said:

"The point of equating the test for allowing a pauper's appeal to the test for dismissing paid cases, is to assure equality of consideration for all litigants. * * * If it were the practice of a Court of Appeals to screen the paid appeals on its docket for frivolity, without hearing oral argument, reviewing a record of the trial proceedings or considering full briefs, paupers could, of course, be bound by the same rules. But, if the practice of the Court of Appeals is to defer rulings on motions to dismiss paid appeals until the court has had the benefit of hearing argument and considering briefs and an adequate record, we hold it must no less accord the poor person the same procedural rights." 369 U.S. 447–448, 82 S.Ct. 922.

It is not the practice of this court to screen paid appeals for frivolity without first hearing oral arguments, reviewing the record of the trial proceedings and considering full briefs. To the contrary it is our general practice to defer rulings on motions to dismiss paid appeals until the court has had the benefit of hearing arguments and considering briefs and an adequate record.

We must accord defendant, who seeks to appeal in forma pauperis, the same procedural rights as are accorded by this court to appellants on paid appeals.

We have the utmost respect for the district judge who denied the application for leave to appeal in forma pauperis and whose certificate is "entitled to weight" but is "not conclusive," 369 U.S. at 446, 82 S.Ct. 917. Under the standard enunciated in Coppedge, however, and in view of the present practice of this court with respect to paid appeals as hereinabove outlined, we conclude that, in practical effect, we have no discretion in the matter once appellant has established to our satisfaction that he is in fact a pauper.

The motion of defendant-appellant for leave to appeal in forma pauperis is granted.